IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. EP-10-CR-2842(2)-FM |
| | § | |
| JOSEPH O'HARA, | § | |
| | § | |
| Defendant. | § | |

## GOVERNMENT'S MOTION TO REDACT INDICTMENT

Comes Now, the United States of America, by and through the United States Attorney for the Western District of Texas, and files this its Motion to Redact Indictment ("Motion") in the above numbered cause, and would show the Court the following:

### I. BACKGROUND

The indictment in this case charges the defendants, Joseph O'Hara and Tomas Gabaldon with: (1) Conspiracy to Commit Mail Fraud and the Deprivation of Honest Services; (2) Mail Fraud and the Deprivation of Honest Services, and; (3) Conspiracy to Commit Wire Fraud and the Deprivation of Honest Services. The indictment was returned on November 3, 2010. On December 7, 2011, Defendant, Tomas Gabaldon pled guilty to Count One of the Indictment pursuant to a plea agreement.

Count One of the Indictment contains an Introductory section that is reincorporated and realleged in Counts Two and Three. Section B of the Introductory Section is entitled "Texas Law Regarding the Conduct of Local Government Officials and Rules and Regulations Regarding Bids and Purchasing." Subsections one through five of Section B list various provisions contained in the Texas Penal Code concerning bribery of public servants. *See* Indictment at 2. Subsections six

through eight contain various provisions of the Texas Education Code that relate to school district contracts. Subsection 9 recites a provision of the Texas Local Government Code relating to contracting requirements. Through this Motion, Government seeks to redact Section B of the Introduction from the Indictment.

## II. ARGUMENT & AUTHORITIES

The removal of allegations from an indictment that are unnecessary to prove the alleged offense is permissible and does not entail an impermissible amendment of the indictment. *See United States v. Miller*, 471 U.S. 130, 144 (1985) (striking of allegations concerning one of the alleged schemes to defraud victim in mail fraud indictment was permissible). A district court may properly allow redaction of unnecessary allegations from an indictment. *See United States v. Perez*, 673 F.3d 667, 669 (7th Cir. 2012) (district court properly permitted redaction of names of co-defendants from indictment to avoid confusion to the jury and reflect that defendant was the only person on trial).

The Government seeks to redact Section B of the Introduction to the Indictment because such language is surplusage and is not necessary to obtain a conviction under 18 U.S.C. § 1346 given the Supreme Court's ruling in *Skilling v. United States*. 130 S. Ct. 2896 (2010). At issue in *Skilling* was whether the deprivation of honest services statute, 18 U.S.C. § 1346 was unconstitutionally vague and whether the defendant employee's undisclosed self-dealing was sufficient for a conviction under the statute. The Supreme Court rejected defendant's vagueness argument, but construed § 1346 to require evidence of a breach of a fiduciary duty involving either a bribe or a kickback. *Id*. at 2930-31, 2933. With regard to the existence of a fiduciary duty, the Court specifically noted three examples of fiduciary relationships: (1) public official-public; (2) employee-employer; and (3) union

official-union employee. *Id*. at 2931 n.41. The Court held that § 1346 criminalized "only the bribe- and- kickback core of the pre-*McNally* case law." *Id*. at 2931. In so holding, the Court announced that its construction of § 1346 established a "uniform national standard." As such, proof of state law violations is not necessary to prove a violation of § 1346, and the inclusion of such language in the Introductory section of the Indictment is extraneous, unnecessary and will only lead to confusion of the jury.

### III.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully requests that this Motion be granted, and that Section B of the Introduction to the Indictment be redacted from the Indictment.

>  Respectfully submitted,
>
>  ROBERT PITMAN
>  UNITED STATES ATTORNEY


BY:   \_\_\_/s/ J. Chris Skillern_____
      J. Chris Skillern
      Assistant U.S. Attorney
      Texas Bar # 24037506
      700 E. San Antonio, Suite 200
      El Paso, Texas  79901
      Telephone: (915) 534-6884
      Facsimile: (915) 534-6024

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of May, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to the following counsel of record through the CM/ECF System:

Albert G. Weisenberger
521 Texas Avenue
El Paso, Texas 79901

                                                                                         _____/s/_____
                                                                                         J. Chris Skillern
                                                                                        Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CRIMINAL NO. EP-10-CR-2842(2)-FM** |
| **JOSEPH O'HARA ,** | § § | |
| **Defendant.** | § § | |

## ORDER

On this date came on to be considered the Government's Motion to Redact Indictment in the above numbered cause, and the Court having considered the same, is of the opinion that said Motion should be granted.

IT IS THEREFORE ORDERED that the Government's Motion to Redact Indictment be GRANTED.

IT IS FURTHER ORDERED that the Section B of the Introduction to the Indictment be redacted from the Indictment currently pending in this case.

SIGNED and ENTERED this the _____ day of _____, 2012.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE